IMANAKA ASATO, LLLC
STEVEN K. S. CHUNG (1751)
CHANELLE M. C. FUJIMOTO (8859)
MICHAEL L. IOSUA (9851)
745 Fort Street Mall, 17th Floor
Honolulu, HI 96813
Tel: 808/521-9500
808/541-9050 (fax)
schung@imanaka-asato.com
cfujimoto@imanaka-asato.com
miosua@imanaka-asato.com

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (*PHV* to be filed)
CAMILLE S. BASS (*PHV* to be filed)
701 B Street, Suite 1700
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
cbass@bholaw.com

COHELAN KHOURY & SINGER
TIMOTHY D. COHELAN
(*PHV* to be filed)
ISAM C. KHOURY (*PHV* to be filed)
605 C Street, Suite 200
San Diego, CA 92101
Tel: 619/595-3001
619/595-3000 (fax)
tcohelan@ckslaw.com
ikhoury@ckslaw.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BENITA J. BROWN, CRAIG CONNELLY, and KRISTINE CONNELLY, as individuals and on behalf of all others similarly situated, | Civil No. |
| Plaintiffs, | **CLASS ACTION COMPLAINT; EXHIBIT "A"; DEMAND FOR JURY TRIAL** |
| vs. | |
| PORTER MCGUIRE KIAKONA & CHOW, LLP, a Hawai'i limited liability partnership, and EKIMOTO & MORRIS, LLLC, a Hawai'i limited liability law company, as individual entities; THE ASSOCIATION OF APARTMENT OWNERS OF TERRAZZA/ CORTBELLA/LAS BRISAS/TIBURON and ASSOCIATION OF APARTMENT OWNERS OF KO OLINA KAI GOLF ESTATES AND VILLAS, a Hawai'i corporation, as individual entities and on behalf of all others similarly situated; DOE DEFENDANTS 1-100, | |
| Defendants. | |

## CLASS ACTION COMPLAINT

Come now plaintiffs Benita J. Brown, Craig Connelly, and Kristine Connelly, individually and on behalf of all others similarly situated, by and through their undersigned counsel, and for a Complaint against defendants Porter McGuire Kiakona & Chow, LLP and Ekimoto & Morris, LLLC, as individual entities; and defendants The Association of Apartment Owners of Terrazza/Cortbella/Las Brisas/Tiburon and Association of Apartment Owners of Ko Olina Kai Golf Estates and Villas, as individual entities and on behalf of all others similarly situated, allege and aver as follows:

## NATURE OF THE ACTION

1.      This is a plaintiff and defendant class action. Beginning in approximately September 2010, in violation of Hawai'i law, defendants and the members of the defendant class improperly invoked nonjudicial foreclosure procedures to foreclose on real property owned by plaintiffs and the members of the plaintiff class. This conduct resulted in the wrongful and unlawful sale of the plaintiffs' and plaintiff class members' real property. Specifically, defendants and defendant class members, who are homeowners associations and their agents, conducted nonjudicial foreclosures pursuant to Sections 514B-146 and 667-5 through 667-10 ("Part I") of the *Hawai'i Revised Statutes* ("H.R.S."), as amended, on the properties owned by plaintiffs and the plaintiff class, even though the Part I

1

nonjudicial foreclosure process is not available to defendants and the members of the defendant class.

2.      The Part I nonjudicial foreclosure process is available only when a power of sale is contained in a mortgage. Even then, only the mortgagee, the mortgagee's successor in interest, or a person authorized by the power of sale to act in the premises may utilize Part I. Defendants and the members of the defendant class are none of these. Instead, they are homeowners associations and their agents, not lenders. They are not authorized to act in plaintiffs' properties by powers of sale under Part I.

3.      Plaintiffs bring this action on behalf of themselves and other similarly situated individuals who owned real property in the State of Hawai'i that was sold at public auction through the use of nonjudicial foreclosure sale procedures pursuant to Part I. Based on violations of state laws prohibiting wrongful foreclosure and unfair or deceptive acts or practices and the federal Fair Debt Collection Practices Act, plaintiffs seek declaratory relief stating that foreclosure by defendants pursuant to Part I was wrongful and injunctive and monetary relief.

## JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1332(d). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, is a class

000106423

action in which there are in excess of 100 class members, and many members of the plaintiff class are citizens of a state different from defendants and the defendant class.

5.     This Court has personal jurisdiction over defendants because they are citizens of and regularly conduct business in this District. Defendants and the defendant class made the decisions to and did foreclose on the properties in Hawai'i, and they have sufficient minimum contacts with this State and/or sufficiently avail themselves of the markets in this State through their operations within this State to render the exercise of jurisdiction by this Court permissible.

6.     The Court also has supplemental jurisdiction over the state law claims raised in this action pursuant to 28 U.S.C. §1367(a).

7.     Venue is proper in this District pursuant to: (1) 28 U.S.C. §1391(b)(1) in that all defendants are residents of this State; (2) 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this District; and (3) 28 U.S.C. §1391(b)(3) in that defendants are subject to personal jurisdiction in this District.

**PARTIES**

8.     Plaintiff Benita J. Brown ("Brown") is a resident and citizen of the State of North Carolina. She owned Apartment No. 176 of the condominium project known as "Las Brisas, Phase 15," located in Ewa Beach on the Island of

000106423

Oahu, State of Hawai'i, that was managed by the homeowner association known as

The Association of Apartment Owners of Terrazza/Cortbella/Las Brisas/Tiburon

("Terrazza"). In or around August 2004, Plaintiff Brown purchased the apartment

for approximately $270,000. To purchase the apartment, Plaintiff Brown obtained

a loan in the amount of $262,000 secured by a mortgage on the apartment.

Defendant Terrazza, by and through its agent and/or instrumentality, Defendant

Porter McGuire Kiakona & Chow, LLP, gave notice that it would sell Plaintiff

Brown's apartment at a public sale pursuant to Part I, and thereafter conducted the

public sale on or around May 20, 2011. Defendant Terrazza submitted the winning

bid for the apartment and executed a quitclaim deed for the apartment on June 9,

2011, as both the grantor and grantee. The quitclaim deed was recorded on June 9,

2011, and Defendant Terrazza took possession, control, and enjoyment of the

apartment and all of its benefits. As a result of the public sale, Plaintiff Brown lost

possession of the apartment but remains liable for the amounts secured by the

mortgage.

   9.    Plaintiffs Craig and Kristine Connelly (the "Connellys") are residents

and citizens of the State of California. They were co-owners of Apartment No.

M36-4 of the condominium project known as "Ko Olina Kai Golf Estates &

Villas," located in Kapolei on the Island of Oahu, State of Hawai'i, that was

managed by the homeowner association known as the Association of Apartment

Owners of Ko Olina Kai Golf Estates and Villas ("Ko Olina Kai"). In or around March 2006, Plaintiff Connellys purchased the apartment for approximately $830,000. To purchase the apartment, Plaintiff Connellys obtained a loan in the amount of $625,000 secured by a mortgage on the apartment. Defendant Ko Olina Kai, by and through its agent and/or instrumentality, Defendant Ekimoto & Morris, LLLC, gave notice that it would sell Plaintiff Connellys' apartment at a public sale pursuant to Part I, and thereafter conducted the public sale on or around June 17, 2011. Defendant Ko Olina Kai submitted the winning bid for the apartment and executed a quitclaim deed for the apartment on August 2, 2011, as both the grantor and grantee. The quitclaim deed was recorded on August 9, 2011, and Defendant Ko Olina Kai took possession, control, and enjoyment of the apartment and all of its benefits. As a result of the public sale, Plaintiffs lost possession of the apartment but remain liable for the amounts secured by the mortgage.

10.    The plaintiff class is defined as follows: All persons and/or legal entities who at any time during the six years prior to the filing of this Complaint to the present owned real property in the State of Hawai'i that was sold at public auction through the use of nonjudicial foreclosure sale procedures pursuant to H.R.S. §§514B-146 and 667-5 through 667-10, where the defendant class employed as agents and/or instrumentalities to complete the nonjudicial foreclosure procedures the following law firms: Defendant Porter, McGuire,

000106423

Kiakona & Chow, LLP, or its predecessor(s) and/or successor(s) in interest, and/or

Defendant Ekimoto & Morris, LLLC, or its predecessor(s) and/or successor(s) in

interest. Plaintiffs are proposed representatives of the plaintiff class.

11.    Defendant Porter McGuire Kiakona & Chow, LLP ("Porter

McGuire") is a law firm registered as a Hawai'i limited liability partnership that

acted as the agent and/or instrumentality of Terrazza in the nonjudicial foreclosure

proceedings against Plaintiff Brown.

12.    Defendant Ekimoto & Morris, LLLC ("Ekimoto Morris") is a law

firm registered as a Hawai'i limited liability law company that acted as the agent

and/or instrumentality of Ko Olina Kai in the nonjudicial foreclosure proceedings

against Plaintiff Connellys.[1]

13.    Defendant Terrazza is a homeowner association organized, existing,

and functioning under the laws of the State of Hawai'i, including H.R.S. §§514A

and 514B, as amended. Terrazza employed Porter McGuire as its agent and/or

instrumentality in the nonjudicial foreclosure proceedings against Plaintiff Brown.

14.    Defendant Ko Olina Kai is a homeowner association organized,

existing, and functioning under the laws of the State of Hawai'i, including H.R.S.

§§514A and 514B, as amended. Ko Olina Kai employed Ekimoto Morris as its

agent and/or instrumentality in the nonjudicial foreclosure proceedings against

---

[1] Defendants Porter McGuire and Ekimoto Morris are collectively referred to as the "Law Firm Defendants."

6

Plaintiffs Connellys.

15.     Terrazza and Ko Olina Kai are representatives of the defendant class of homeowner associations. The defendant class consists of homeowner associations located in Hawai'i that are listed in Exhibit A, and it is defined as follows: All homeowner associations who at any time during the six years prior to the filing of this Complaint to the present authorized and/or employed agents and/or instrumentalities to acquire real property located in the State of Hawai'i at public auction through the use of nonjudicial foreclosure sale procedures pursuant to H.R.S. §§514B-146 and 667-5 through 667-10, where the agents and/or instrumentalities completing the nonjudicial foreclosure procedures were Defendant Porter, McGuire, Kiakona & Chow, LLP, or its predecessor(s) and/or successor(s) in interest, and/or Defendant Ekimoto & Morris, LLLC, or its predecessor(s) and/or successor(s) in interest.

## FACTUAL ALLEGATIONS

16.     This action involves the defendants' and defendant class members' nonjudicial foreclosures of real property located in the State of Hawai'i owned by plaintiffs and the plaintiff class.

17.     Nonjudicial foreclosure allows a lender to foreclose on real property without going to court in the event the homeowner defaults on an obligation secured by the real property that is the subject of foreclosure. Nonjudicial

000106423

foreclosure can be abused, with draconian consequences for the homeowner. As a result, Hawai'i law strictly limits nonjudicial foreclosure to specific circumstances by specific types of lienholders, and then only if the statutory requirements are exactingly followed.

18.    At all times relevant herein, Hawai'i law provided two methods of nonjudicial foreclosure, commonly referred to as Part I and Part II.[2] Part I provided the fewest consumer protections and carried with it the greatest opportunity for abuse. As a result, Part I could only be used if a mortgage contained a power of sale, and then only by a mortgagee, the mortgagee's successor in interest, or a person authorized by the power of sale to act in the premises. The Part II process was known as the Alternate Power of Sale Foreclosure Process and was codified at H.R.S. §§667-21 through 667-42. It contained significantly greater protections for the homeowner to guard against the abuses of nonjudicial foreclosure.

19.    Part I did not contain any consumer protection safeguards; rather, it was an expedited power-of-sale process available only to mortgagees holding a mortgage containing a power of sale. For example, Part I did not require a mortgagee intending to proceed with a nonjudicial foreclosure to provide the homeowner with actual notice of default and sufficient opportunity to cure the

---

[2] Part I was repealed in 2011, and Part II was amended in 2012. In 2012, a new foreclosure process was provided to homeowner associations by the addition of Part VI (H.R.S. §§667-91 through 667-104).

default. The mortgagee needed only to publish notice regarding foreclosure and public sale once a week for three successive weeks and to hold the foreclosure sale at least 14 days after the last publication. Moreover, under Part I, nonjudicial foreclosure did not extinguish the debt if the mortgagee did not receive payment of all amounts owed.

20.     In contrast, Part II provided homeowners reasonable time and opportunity to save their homes from foreclosure and protected them from improper and oppressive collection practices. For example, Part II required one intending to proceed with a nonjudicial foreclosure to serve the homeowner with a written notice of default and at least 60 days to cure the default before proceeding with nonjudicial foreclosure. If the default was not cured, a public sale could occur only after the later of 60 days after distribution of notice of the sale or 14 days after the date of the third public notice advertisement. Moreover, under Part II, the conveyance document had to be signed by the homeowner, and the nonjudicial foreclosure operated as full satisfaction of the debt, even if the foreclosing mortgagee received nothing from the sale proceeds.

21.     Defendants did not hold mortgages containing a power of sale, as required for use of Part I's nonjudicial foreclosure process. In each instance, defendants and the defendant class members engaged in nonjudicial foreclosure pursuant to Part I, rather than the Part II Alternate Power of Sale Foreclosure

000106423

Process for non-mortgage liens.

22.     Defendants conducted the public sales under Part I in order to circumvent the consumer protection provisions in Part II.

23.     Had defendants observed the consumer protection provisions contained in Part II, plaintiffs would not have lost their properties.

24.     Defendants fraudulently concealed the wrong they were committing by implying, stating, and/or representing that they were authorized to conduct nonjudicial foreclosures or public sales under Part I.

25.     Under Hawai'i law, a condominium association has a fiduciary relationship with its members. Given the special relationship between the homeowner associations that comprise the defendant class and plaintiffs who are members of those associations, plaintiffs were entitled to rely on and did rely on the statements and representations made by defendants concerning defendants' right to conduct public sales under Part I.

26.     Each foreclosure that is the subject of this action is wrongful and/or invalid.

27.     Plaintiffs did not discover the claims against defendants that they assert herein until May of 2016.

## CLASS ACTION ALLEGATIONS

28.     Plaintiffs bring this action pursuant to Rules 23(a) and (b)(1) and/or

000106423

(b)(2) of the Federal Rules of Civil Procedure on behalf of a class of plaintiffs consisting of:

> All persons and/or legal entities who at any time during the six years prior to the filing of this Complaint to the present (the "Class Period") owned real property in the State of Hawai'i that was sold at public auction through the use of nonjudicial foreclosure sale procedures pursuant to H.R.S. §§514B-146 and 667-5 through 667-10, where the defendant class employed as agents and/or instrumentalities to complete the nonjudicial foreclosure procedures the following law firms: Defendant Porter McGuire Kiakona & Chow, LLP, or its predecessor(s) and/or successor(s) in interest; and/or Defendant Ekimoto & Morris, LLLC, or its predecessor(s) and/or successor(s) in interest.

29.   Excluded from the plaintiff class are: defendants; the defendant class members; the officers, directors, or employees of any defendant or defendant class member; the parent companies, subsidiaries, and affiliates of any defendant or defendant class member; the legal representatives and heirs or assigns of any defendant or defendant class member; and any co-conspirators. Also excluded are any federal entities, any judicial officer presiding over this action, and the members of his or her own immediate family and judicial staff, and any juror assigned to this action.

30.   Plaintiffs also bring this action on their own behalf and as a class action pursuant to Rule 23 of the *Federal Rules of Civil Procedure* against a class of defendants consisting of:

> All persons and/or legal entities who at any time during the six years prior to the filing of this Complaint to the present (the "Class Period")

11

authorized and/or employed agents and/or instrumentalities to sell real property located in the State of Hawai'i at public auction through the use of nonjudicial foreclosure sale procedures pursuant to H.R.S. §§514B-146 and 667-5 through 667-10, where the agents and/or instrumentalities completing the nonjudicial foreclosure procedures were Defendant Porter, McGuire, Kiakona & Chow, LLP, or its predecessor(s) and/or successor(s) in interest, and/or Defendant Ekimoto & Morris, LLLC, or its predecessor(s) and/or successor(s) in interest.

31.    A list of such persons and/or legal entities of which plaintiffs are informed and which plaintiffs believe at this time are members of this defendant class, without limitation, is attached as Exhibit A.

32.    Excluded from the defendant class are: plaintiffs and the legal representatives and heirs or assigns of any plaintiff. Also excluded are any federal entities, any judicial officer presiding over this action, and the members of his or her own immediate family and judicial staff, and any juror assigned to this action.

**Numerosity**

33.    For the plaintiff class, membership is so numerous that joinder of all members is impracticable. The plaintiff class consists of approximately 160 individuals who had their real properties foreclosed on by defendants during the Class Period pursuant to Part I.

34.    For the defendant class, membership is so numerous that joinder of all members is impracticable. The defendant class consists of 72 entities that foreclosed on plaintiffs during the Class Period pursuant to Part I.

12

**Typicality**

35.   Plaintiffs' claims are typical of the claims of the members of the plaintiff class because each plaintiff and all plaintiff class members had their real properties foreclosed on by defendants during the Class Period pursuant to Part I.

36.   Defendant class representatives' claims are typical of the claims of the other members of the defendant class because each defendant class representative and all defendant class members foreclosed on plaintiffs during the Class Period pursuant to Part I.

**Adequacy**

37.   Plaintiffs will fairly and adequately represent and protect the interests of the class members. Plaintiffs' interests are coincident with, and not antagonistic to, those of the other plaintiff class members. Plaintiffs are represented by counsel experienced and respected in the prosecution of class action litigation.

38.   Defendant class representatives will fairly and adequately represent and protect the interests of the defendant class members. Defendant class representatives' interests are coincident with, and not antagonistic to, those of the other defendant class members. The 72 homeowners associations in the defendant class foreclosed on approximately 160 plaintiff class members. The two defendant class representatives alone foreclosed on 18 plaintiffs, while the remaining 70 homeowners associations foreclosed on only about two plaintiffs each on average.

13

Therefore, the defendant class representatives have the greatest incentive and resources to adequately represent themselves and the remainder of the defendant class.

**Commonality**

39.   This case presents many common questions of law and fact that will predominate over any questions that may affect individual members of the plaintiff and defendant classes, such as:

      a.   Whether defendants and the defendant class members foreclosed on plaintiffs and the plaintiff class members' real property pursuant to the incorrect foreclosure process;

      b.   Whether defendants and defendant class members were required to use the Alternate Power of Sale Foreclosure Process set forth in Part II (H.R.S. §§667-21 through 667-42) during the Class Period;

      c.   Whether defendants' and defendant class members' foreclosures under Part I were wrongful foreclosures;

      d.   Whether defendants' and defendant class members' foreclosures under Part I constituted unfair practices in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.*;

      e.   Whether defendants' and defendant class members' foreclosures under Part I constituted unfair or deceptive acts or practices under

14

H.R.S. §§480-1, *et seq.*;

      f.    Whether the conduct of the defendants caused injury to plaintiffs and the members of the plaintiff class;

      g.    The appropriate nature of equitable relief for the plaintiff class; and

      h.    The measure of damages incurred by the plaintiff class.

40.    Declaratory, equitable, and injunctive relief is appropriate for plaintiffs classwide under Rule 23(b)(1) and/or (b)(2) because defendants and the defendant class have acted on grounds that apply generally to the plaintiff class, and inconsistent adjudications with respect to the defendants' liability would establish incompatible standards and substantially impair or impede the ability of plaintiff and defendant class members to protect their interests. Classwide relief and Court supervision under Rule 23 assure fair, consistent, and equitable treatment and protection of all class members.

## COUNT I
### (Declaratory Relief)

41.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

42.    An actual controversy has arisen and now exists between plaintiffs and defendants concerning their respective rights and duties with respect to the properties owned by plaintiffs that were foreclosed on by defendants. Plaintiffs

15

000106423

contend that their properties were wrongfully foreclosed on because defendants utilized the nonjudicial foreclosure procedures under Part I, when they should have utilized the Alternate Power of Sale Foreclosure Process pursuant to Part II. Had defendants utilized Part II, the foreclosures on plaintiffs' properties would not have occurred. Defendants contend that foreclosure under Part I was proper.

43.     Plaintiffs seek a judicial determination of whether defendants and the defendant class, as homeowner associations without mortgages containing a power of sale, were entitled to conduct nonjudicial foreclosures on plaintiffs' properties under Part I, or whether these entities were required to follow the foreclosure procedures outlined in Part II.

44.     Such a judicial determination on which part applies to the foreclosure procedures for the real properties at issue is necessary and appropriate at this time because if Part I applies, the foreclosures were likely proper and might bar this class action. But if Part II applies, the foreclosures were wrongful, and plaintiffs and the plaintiff class are entitled to legal and equitable relief.

## COUNT II
### (Wrongful Foreclosure)

45.     Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

46.     Plaintiffs seek and request recovery against defendants for wrongful foreclosure.

16

47.     Defendants were not authorized or entitled to conduct a nonjudicial foreclosure or power of sale under Part I. As such, the foreclosure notices sent by defendants were procedurally defective, and the resulting sales that occurred were unlawful and constituted wrongful foreclosures.

48.     As a result of the wrongful foreclosures, defendants stole, converted, and/or wrongfully dispossessed plaintiffs of their properties.

49.     Plaintiffs seek damages and other relief for the wrongful foreclosures, to include restitution, actual, compensatory, and punitive damages, together with attorney's fees and costs of court, and for such further and general relief to which they may be entitled.

## COUNT III
### (Violation of the Fair Debt Collection Practices Act)

50.     Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

51.     Plaintiffs seek and request recovery against Defendants Porter McGuire and Ekimoto Morris under the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA").

52.     On information and belief, plaintiffs allege that at all times relevant herein, Law Firm Defendants were debt collectors, acting as the agents and/or instrumentalities of the defendant class members, who routinely demanded sums of money and attempted to collect said sums of money by sending letters and

17

publishing notices falsely stating that they were authorized to use Part I to collect delinquent homeowner assessments.

53.     Defendants violated Section 1692e of the FDCPA, which prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

54.     Defendants violated Section 1692f of the FDCPA, which prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt by attempting to collect monies from plaintiffs and the plaintiff class members pursuant to Part I instead of Part II.

55.     As a result of defendants' violations of the FDCPA, plaintiffs are entitled pursuant to 15 U.S.C. §1692k to actual damages, statutory damages, and the costs of the action, together with attorneys' fees.

## COUNT IV
### (Unfair or Deceptive Acts or Practices)

56.     Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

57.     Plaintiffs seek and request recovery against defendants for unfair or deceptive acts or practices under H.R.S. Chapters 480, including but not limited to H.R.S. §§480-2 and 13.

58.     The conduct of defendants complained of herein was unfair or deceptive and violated H.R.S. §§480-2.

000106423

59.    Plaintiffs committed money in a personal investment through the purchase of their properties and further committed monies in these personal investments through the payment of money collected by defendants and defendant class members for the performance of management and maintenance services related to the condominium projects in which their properties were located.

60.    Defendants and the defendant class conducted trade or commerce within the meaning of the statutes by collecting or attempting to collect said monies for the performance of such services.

61.    Upon plaintiffs becoming delinquent in the payment of said monies, defendants and the defendant class misrepresented to plaintiffs that they had the right to foreclose on plaintiffs properties under Part I, even though they were required to use the nonjudicial foreclosure procedures under Part II. Defendants and the defendant class have a pattern and practice of making said misrepresentations, conducting wrongful foreclosures under Part I, and using the wrongfully purchased properties as their business investments, as demonstrated by the misrepresentations made to, and the wrongful foreclosure purchases of the properties owned by, Plaintiffs Brown and Connellys.

62.    Defendants acted as the agents and/or instrumentalities of the defendant class by performing the foregoing acts and practices.

63.    The actions by and practices of defendants and the defendant class

19

created a likelihood of confusion or of misunderstanding among plaintiffs that

defendants had authority to foreclose under Part I when they did not. Moreover,

H.R.S. §667-60, effective as of June 28, 2012, codifies the Legislature's intent that

violations of Chapter 667 be deemed unfair or deceptive acts or practices under

H.R.S. §480-2.

64.     Plaintiffs are consumers who have suffered actual losses including,

but not limited to, the loss of their properties and their properties' benefits as a

result of the unfair or deceptive acts or practices committed by defendants.

65.     In addition to their own direct liability for unfair or deceptive acts or

practices, the defendant class members are vicariously liable for the unfair or

deceptive acts or practices committed by Defendants Porter McGuire and Ekimoto

Morris, who acted as defendant class members' agents and/or instrumentalities in

the foreclosures under Part I.

66.     Plaintiffs seek and respectfully request relief against defendants

consisting of treble damages, costs, and attorneys' fees pursuant to H.R.S. §480-13

based on the unfair or deceptive acts or practices committed by defendants.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs and the plaintiff class pray for a judgment:

A.     Certifying the plaintiff class as requested herein, appointing plaintiffs

as representatives for the plaintiff class, and appointing plaintiffs' counsel as

000106423

plaintiffs' class counsel;

B.     Certifying the defendant class as requested herein, and appointing Defendants Terrazza and Ko Olina Kai as representatives for the defendant class;

C.     Awarding plaintiffs and the members of the plaintiff class compensatory, statutory, treble, and punitive damages;

D.     Awarding restitution and disgorgement of defendants' revenues to plaintiffs and the plaintiff class members;

E.     Awarding declaratory and injunctive relief as permitted by law or equity, including enjoining defendants from continuing the unlawful practices as set forth herein, and directing defendants to identify, with court supervision, victims of their conduct and pay them restitution and disgorgement of all monies acquired by defendants by means of any act or practice declared by this Court to be wrongful;

F.     Awarding plaintiffs and the members of the plaintiff class pre- and post-judgment interest;

G.     Awarding to plaintiffs their attorneys' fees and costs of suit; and

H.     Such other and further relief as this Court may deem just and proper.

//

//

//

21

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the *Federal Rules of Civil Procedure*, Plaintiffs

demand a trial by jury on all issues triable as of right by a jury.

DATED: Honolulu, Hawai'i August 10, 2016.


/s/ Steven K.S. Chung
STEVEN K. S. CHUNG
CHANELLE M. C. FUJIMOTO
MICHAEL L. IOSUA
TIMOTHY G. BLOOD
CAMILLE S. BASS
TIMOTHY D. COHELAN
ISAM C. KHOURY

4828-2737-7462, v. 1

22

000106423

| PORTER MCGUIRE ASSOCIATIONS |
| --- |
| Association of Apartment Owners of Colony Marina |
| Association of Apartment Owners of the Esplanade |
| Association of Apartment Owners of Fairway Terrace |
| Association of Apartment Owners of Hale Moi |
| Association of Apartment Owners of Harbor Square |
| Association of Apartment Owners of Hawaiian Monarch |
| Association of Apartment Owners of Hillside Villa |
| Association of Apartment Owners of Ilikai Apartment |
| Association of Apartment Owners of Kahana Outrigger |
| Association of Apartment Owners of Kahului Ikena |
| Association of Apartment Owners of Kaiolu Sunrise |
| Association of Home Owners of Kalamaku'u |
| Association of Apartment Owners of Kauhale Makai |
| Association of Apartment Owners of Kihei Villages |
| Association of Apartment Owners of Kihei Resort |
| Association of Apartment Owners of Makaha Surfside |
| Association of Apartment Owners of Makaha Valley Plantation |
| Association of Apartment Owners of Makakilo Cliffs |
| Association of Apartment Owners of Makakilo Gardens |

**EXHIBIT "A"**

| Association of Apartment Owners of Nihilani at Princeville Resort |
|---|
| Association of Apartment Owners of Ocean Ridge at Makakilo |
| Association of Apartment Owners of One Waterfront Towers |
| Association of Apartment Owners of Pacific Islander |
| Association of Apartment Owners of Palm Court |
| Association of Apartment Owners of Pearl Ridge Gardens and Pearl Ridge Tower |
| Puamana Community Association |
| Puu Heleakala Community Association |
| Association of Apartment Owners of Ridgecrest-Melemanu Woodlands |
| Association of Apartment Owners of Royal Palm at Waipio |
| Association of Apartment Owners of Spruce Ridge Villas |
| Association of Apartment Owners of Suncrest/The Shores/Lombard Way/Avalon |
| Association of Apartment Owners of Sun Rise, Inc. |
| Association of Apartment Owners of Terrazza/Cortbella/Las Brisas/Tiburon |
| Association of Apartment Owners of Terrazza |
| Association of Apartment Owners of the Villas at Kahana Ridge |
| Association of Apartment Owners of Vista Waikoloa |
| Association of Apartment Owners of Wailea Beach Villas |
| Association of Owners of the Wailana at Waikiki |

| EKIMOTO ASSOCIATIONS |
| --- |
| Association of Apartment Owners of 215 North King St. |
| Association of Apartment Owners of the Bougainville |
| Association of Apartment Owners of Century Park Plaza, Inc. |
| Association of Apartment Owners of Coconut Plantation |
| Association of Apartment Owners of Colonnade on the Greens |
| Association of Apartment Owners of Coronado |
| Association of Apartment Owners of Evergreen Terrace |
| Association of Apartment Owners of Ewalani Village |
| Association of Apartment Owners of Garden Groves |
| Association of Apartment Owners of Hale Moani |
| Association of Apartment Owners of  Harbor Pointe |
| Association of Apartment Owners of  Kai Lani at Ko Olina |
| Association of Apartment Owners of Halelani Village at Puhi |
| Kapolei Knolls Community Association |
| Association of Apartment Owners of Ko Olina Kai Golf Estates & Villas. |
| Association of Apartment Owners of Koolau Vista |
| Association of Apartment Owners of Leolua Regent |
| Association of Apartment Owners of  Mawaena Kai |
| Association of Apartment Owners of Miller Terrace |

| |
|---|
| Association of Apartment Owners of Mililani Town Houses |
| Association of Apartment Owners of Mokuleia Surf |
| Association of Apartment Owners of Montecito/Tuscany |
| Association of Apartment Owners of Nohona at Mililani Mauka |
| Association of Apartment Owners of  Palehua Hale |
| Association of Palm Villas II |
| Association of Apartment Owners of Punahou Marquis |
| Association of Apartment Owners of Queen Emma Gardens |
| Association of Apartment Owners of Rainbow Series-Kuola Phase III |
| Association of Apartment Owners of Rose Terrace |
| Association of Apartment Owners of  Royal Aloha |
| Association of Apartment Owners of Royal Towers |
| Association of Apartment Owners of Salt Lake Manors |
| Association of Apartment Owners of Waiau Garden Villa |
| Association of Apartment Owners of Windward Acres |

4822-8109-8550, v. 1

4