IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BENITA J. BROWN; CRAIG CONNELLY; KRISTINE CONNELLY, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>PORTER MCGUIRE KIAKONA & CHOW, LLP; EKIMOTO & MORRIS, LLLC; AOAO TERRAZZA/ CORTEBELLA/LAS BRISAS/ TIBURON; AOAO KO OLINA KAI GOLF ESTATES AND VILLAS; DOE DEFENDANTS 1-100,<br><br>        Defendants. | CIVIL NO. 16-00448 LEK-KSC<br><br>ORDER GRANTING: (1) DEFENDANTS AOAO TERRAZZA/CORTEBELLA/LAS BRISAS/TIBURON'S MOTION TO SEVER THE FIRST-NAMED PLAINTIFF BENITA J. BROWN, FIRST-NAMED DEFENDANT PORTER MCGUIRE KIAKONA & CHOW, LLP, AND THIRD-NAMED DEFENDANTS AOAO TERRAZZA/CORTEBELLA/LAS BRISAS/TIBURON; (2) DEFENDANT PORTER MCGUIRE KIAKONA & CHOW, LLP'S JOINDER; AND (3) DEFENDANT EKIMOTO & MORRIS, LLLC'S JOINDER |

ORDER GRANTING: (1) DEFENDANTS AOAO TERRAZZA/CORTEBELLA/LAS
BRISAS/TIBURON'S MOTION TO SEVER THE FIRST-NAMED
PLAINTIFF BENITA J. BROWN, FIRST-NAMED DEFENDANT PORTER
MCGUIRE KIAKONA & CHOW, LLP, AND THIRD-NAMED DEFENDANTS
AOAO TERRAZZA/ CORTEBELLA/LAS BRISAS/TIBURON; (2) DEFENDANT
PORTER MCGUIRE KIAKONA & CHOW, LLP'S JOINDER; AND
(3) DEFENDANT EKIMOTO & MORRIS, LLLC'S JOINDER

On June 14, 2017, Defendants The Association of

Apartment Owners of Terrazza/Cortebella[1]/Las Brisas/Tiburon

("Terrazza") filed a Motion to Sever the First-Named Plaintiff

Benita J. Brown ("Brown"), First-Named Defendant Porter

---

[1] There are a number of variations in spelling, even within the party's own filings. Based on the Court's independent research, it appears that the correct spelling is "Cortebella".

McGuire Kiakona & Chow, LLP ("Porter"), and Third-Named Defendants Terrazza.  Porter and Defendant Ekimoto & Morris, LLLC ("Ekimoto") filed Joinders on July 24, 2017 and July 26, 2017, respectively.  On July 24, 2017, Plaintiffs filed an Opposition.  Terrazza filed a Reply on August 1, 2017.

After careful consideration of the parties' submissions, counsel's arguments, and the applicable law, the Court HEREBY GRANTS the Motion and Joinders for the reasons articulated below.

BACKGROUND

On August 10, 2016, Brown and Plaintiffs Craig and Kristine Connelly (collectively the "Connellys") commenced this action, which they characterize as a plaintiff and defendant class action, challenging the non-judicial foreclosures of their respective properties pursuant to Part I.  Brown's unit at Las Brisas in Ewa Beach, purchased in 2004, was foreclosed upon by Terrazza, through Porter.  Compl. at ¶ 8.  The Connellys' unit at Ko Olina Kai Golf Estates & Villas, purchased in March 2006, was foreclosed upon by Defendant Association of Apartment Owners of Ko Olina Kai Golf Estates and Villas("Ko Olina"), through Ekimoto.  Id. at ¶ 9.

Plaintiffs assert the following causes of action: 1) declaratory relief; 2) wrongful foreclosure; 3) violation

2

of the Fair Debt Collection Practices Act; and 4) unfair and deception acts or practices.

<u>ANALYSIS</u>

Defendants request that Brown's action against Terrazza and Porter be severed because joinder is improper. Defendants argue that Brown's claims against Terrazza and Porter are unrelated to the Connellys' claims against Ko Olina and Ekimoto.  Plaintiffs proffer that because Federal Rule of Civil Procedure ("Rule") 23 governs, severance is precluded. Alternatively, Plaintiffs submit that the Court should permit joinder pursuant to Rule 20.

Under Rule 20(a)(1), permissive joinder of plaintiffs "is proper if (1) the plaintiffs assert[ ] a right to relief arising out of the same transaction and occurrence and (2) some question of law or fact common to all the plaintiffs will arise in the action." <u>Visendi v. Bank of Am., N.A.</u>, 733 F.3d 863, 870 (9th Cir. 2013) (citation and quotations omitted) (alteration in original).  Permissive joinder of defendants is appropriate if a "'right to relief is asserted against [the defendants] . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences,' and also if there is a 'question of law or fact common to' the defendants." <u>Rush v. Sport</u>

3

Chalet, Inc., 779 F.3d 973, 974 (9th Cir. 2015) (quoting Fed. R. Civ. P. 20(a)(2)) (alteration in original); Waterfall Homeowners Ass'n v. Viega, Inc., 279 F.R.D. 586, 589 (D. Nev. 2012) (citing League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977); Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997)) ("In order for joinder to be proper under Rule 20(a) both requirements of the rule, the same transaction or occurrence and common issues of law or fact, must be satisfied.").

        "If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." Coughlin, 130 F.3d at 1350; Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000) ("Under Rule 20(b), the district court may sever the trial in order to avoid prejudice."); see also Fed. R. Civ. P. 21 ("The court may also sever any claim against a party.").  Whether or not to sever is within the court's broad discretion. Broadcom Corp. v. Sony Corp., No. SACV161052JVSJCGX, 2016 WL 9108039, at *2 (C.D. Cal. Dec. 20, 2016).  The interest of preserving efficient judicial administration controls, not the parties' wishes. Id. (quoting Viasat, Inc. v. Space Sys./loral, Inc., No. 12-CV-00260-H-WVG, 2012 WL 12844702, at * *2 (S.D. Cal.

4

Aug. 23, 2012) (quoting Charles Alan Wright & Arthur R.

Miller, Federal Practice and Procedure § 2388 (3d ed. 2012)).

Five factors are considered in deciding whether to

sever a case:

> whether (1) the claims arise out of the same
> transaction or occurrence; (2) the claims
> present some common questions of law or fact;
> (3) settlement of the claims or judicial economy
> would be facilitated; (4) prejudice would be
> avoided if severance were granted; and (5)
> different witnesses and documentary proof are
> required for the separate claims.

Id.

It is a basic tenet that plaintiffs cannot bring

unrelated claims against different defendants in a single

action.  This case presents a situation where two separate

actions have been combined into a single action - Brown

asserts claims stemming from an allegedly improper non-

judicial foreclosure conducted by Terrazza, through Porter,

while the Connellys assert claims arising from an allegedly

improper non-judicial foreclosure conducted by Ko Olina,

through Ekimoto.  At issue are different transactions between

different parties having no connection apart from the

allegation that Defendants violated the same laws.

A.    Rule 19 is Inapplicable

         Relying on Rule 19(d),[2] Plaintiffs assert that the
requested severance is improper because it conflicts with Rule
23.   Rule 19 is inapplicable, however, and no party argues
that it governs the joinder issue before the Court.   As
already noted, Brown and the Connellys' claims are asserted
against different Defendants and the non-judicial foreclosures
from which the claims arise are distinct and unrelated.

B.    Plaintiff is not Entitled to Permissive Joinder Pursuant
      to Rule 20(a)

         Rule 20 does not contain a provision subjecting it
to Rule 23.   Neither is Rule 20(a) obviated by Rule 23 with
respect to the joinder of defendants.   Waterfall Homeowners
Ass'n v. Viega, Inc., 283 F.R.D. 571, 585 (D. Nev. 2012)
("[T]he joinder of plaintiffs under Rule 20 is not an issue in
Rule 23 actions because Rule 23 implicitly displaces Rule 20
as to the joinder of Plaintiffs, but nothing in Rule 23
appears to obviate the Rule 20 standards for joining
defendants.").   Even if Rule 23 were implicated, however, this
Motion concerns Plaintiffs' ability to meet Rule 20(a)'s
requirements, not whether or not a class might ultimately be
certified.   A request for certification is not before the

---

         [2]  Rule 19(d) subjects Rule 19 to Rule 23.   Fed. R. Civ.
P. 19(d).

6

Court and the presence of class allegations in the Complaint does not relieve the Court of its obligation to evaluate the propriety of joinder.

> 1. <u>Plaintiffs' Claims do not Arise From the Same Transaction or Occurrence</u>

Plaintiffs cannot satisfy Rule 20(a)'s requirements. To do so, Plaintiffs' claims would have to arise from "the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A). This "requires factual similarity in the allegations supporting Plaintiffs' claims." <u>Visendi</u>, 733 F.3d at 870. Non-judicial foreclosures conducted by different homeowners associations, through different law firms, against different properties, lack the similarity required by Rule 20(a). <u>Id.</u> (finding an absence of factual similarity where distinct loan transactions were secured by separate properties and involved many different lenders).

> 2. <u>Plaintiffs do not Present a Common Question of Law or Fact</u>

Plaintiffs' claims must also present a question of law or fact common to them all. "Superficial similarity" does not adequately unite parties or claims. <u>Visendi</u>, 733 F.3d at 870. Rule 20(a) requires more than allegations "that Defendants violated the same laws in comparable ways." <u>Id.</u>

7

(citation omitted).  Plaintiffs purchased separate and
unrelated properties in different developments at different
times, they were subject to different governing documents, and
the non-judicial foreclosures were initiated and conducted by
different Defendants.  Id. (reasoning that "Plaintiffs own
separate and unrelated properties across the country, they
entered into separate loan transactions, and their dealings
with Defendants were necessarily varied").  The fact that
homeowner associations initiated the foreclosures under Part I
with the assistance of law firms is nothing more than a
superficial similarity.

Further, Plaintiffs' allegation that the same laws
were violated in comparable ways fails to meet the second part
of the test.  Evaluation of the claims will require
application of the particularized facts related to each
foreclosure.  Id. (noting that the claims asserted by the
plaintiffs would require a particularized factual analysis).
Accordingly, Brown, Terrazza, and Porter were improperly
joined under Rule 20(a).

C.   Severance is Proper

Insofar as Plaintiffs failed to satisfy the test for
permissive joinder, the Court, exercising its discretion,
severs Brown, Porter, and Terrazza from this action.

Severance is necessary to promote efficient judicial administration and it will not prejudice any substantial right.[3]  First, as already determined, Brown's claims against Terrazza and Porter do not arise out of the same transaction or occurrence as the Connellys' claims against Ko Olina and Ekimoto, nor do they present sufficiently common questions of law or fact.

Second, judicial inefficiency will result if these separate actions proceed within a single case.  Disputes arising between the parties will by and large be unrelated because the factual circumstances between Brown's claims and the Connellys' claims differ.  There is unlikely to be any overlap in discovery and maintaining joinder would result in separate tracks for motions practice, as disputes between Brown, Terrazza, and Porter would not concern the Connellys, Ko Olina, and Ekimoto, and vice versa.  Even if similar motions were filed, separate briefing and analyses would be required.

---

[3]  Plaintiffs erroneously believe that severance would alter the technical management of the case, but that no functional difference would result.  To the contrary, when parties are severed, a new action is created.  The existing case and new case are handled separately and treated independently.  Plaintiffs also erroneously believe that if the cases are severed, they could then be consolidated.  The bases for the severance would militate against consolidation.

Third, severance will eliminate prejudice.  Allowing the joinder to continue would prejudice Defendants during the course of litigation and at trial.  Being forced to participate in an action, only a portion of which pertains to them, will cause Defendants to incur unnecessary expenses.  Additionally, a jury may have difficulty segregating the claims between Brown and Terrazza/Porter and the Connellys and Ko Olina/Ekimoto.  Including multiple unrelated transactions in a single trial will needlessly complicate and lengthen trial.[4]  Plaintiffs believe that joinder is beneficial and that severance will cause discovery to become unduly burdensome and result in inconsistent rulings.  But different properties, governing documents, and other factual circumstances are at issue.  Thus, discovery must necessarily be conducted independently.  Likewise, rulings might reasonably differ (even within this case if joinder were permitted) because of the particularized facts of each foreclosure.[5]  Severance will not prejudice Plaintiffs, as

---

[4]  At the hearing, Plaintiffs argued that separate trials could ultimately be ordered, but the same concerns exist even prior to trial.  It makes little sense to allow the claims to proceed jointly when no conservation of efforts, expenses, or time would result, only to then conduct separate trials.

[5]  The assignment of the severed case to the same presiding and referral judges should sufficiently address concerns about inconsistent rulings.

they will retain the ability to pursue their claims individually.  Visendi, 733 F.3d at 871.

Finally, because different witnesses and documentary proof are required for the separate claims, allowing joinder would neither conserve resources nor simplify the proceedings.

Based on the foregoing, Brown's claims against Porter and Terrazza are HEREBY SEVERED from the Connellys' claims against Ko Olina and Ekimoto.  The Clerk's office is directed to:

- Open a new civil case, with the same presiding and referral judges, identifying Benita Brown as the plaintiff and The Association of Apartment Owners of Terrazza/Cortebella/Las Brisas/Tiburon and Porter McGuire Kiakona & Chow, LLP as the defendants.

- File a copy of the Amended Complaint (Doc. No. 98); the relevant Answers (Doc. Nos. 100 & 101); and this Order in the new case.

- Retain pro hac vice status for Plaintiffs' counsel who have been admitted pro hac vice in this case.

- Terminate Brown, AOAO Terrazza, and Porter McGuire in this case.

The deadlines contained in the Rule 16 Scheduling Order (Doc. No. 79) will govern the new action until superseded by an amended scheduling order.  All future submissions shall be filed in the appropriate case.

11

<u>CONCLUSION</u>

In accordance with the foregoing, Terrazza's Motion to Sever (Doc. No. 86), Porter's Joinder (Doc. No. 88), and Ekimoto's Joinder (Doc. No. 90) are HEREBY GRANTED.  Brown, Terrazza, and Porter are SEVERED from this action as directed above.

IT IS SO ORDERED.

DATED:    Honolulu, Hawaii, November 3, 2017.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 16-00448 LEK-KSC; <u>BROWN, ET AL. V. PORTER MCGUIRE KIAKONA & CHOW, LLP, ET AL.</u>; ORDER GRANTING: (1) DEFENDANTS AOAO TERRAZZA/CORTEBELLA/LAS BRISAS/TIBURON'S MOTION TO SEVER THE FIRST-NAMED PLAINTIFF BENITA J. BROWN, FIRST-NAMED DEFENDANT PORTER MCGUIRE KIAKONA & CHOW, LLP, AND THIRD-NAMED DEFENDANTS AOAO TERRAZZA/CORTEBELLA/LAS BRISAS/TIBURON; (2) DEFENDANT PORTER MCGUIRE KIAKONA & CHOW, LLP'S JOINDER; AND (3) DEFENDANT EKIMOTO & MORRIS, LLLC'S JOINDER