IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CRAIG CONNELLY and KRISTINE CONNELLY, as individuals and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>EKIMOTO & MORRIS, LLLC, a Hawai`i limited liability law company, as individual entities; ASSOCIATION OF APARTMENT OWNERS OF KO OLINA KAI GOLF ESTATES AND VILLAS, a Hawai`i corporation as individual entities and on behalf of all others similarly situated; DOE DEFENDANTS 1-100,<br><br>　　　　Defendants. | CIVIL 16-00448 LEK-KSC |

**ORDER GRANTING DEFENDANT EKIMOTO & MORRIS, LLLC'S MOTION TO DISMISS THIRD AMENDED CLASS ACTION COMPLAINT FILED MAY 18, 2018**

　　　　Before the Court is Defendant Ekimoto & Morris, LLLC's ("E&M") Motion to Dismiss Third Amended Class Action Complaint Filed May 18, 2018 ("Motion"), filed on June 1, 2018. [Dkt. no. 171.] On June 8, 2018, this Court issued an entering order ("6/8/18 EO"): finding the Motion suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"); stating further briefing on the Motion was not necessary; and informing the parties of this Court's

rulings on the Motion. [Dkt. no. 173.] The instant Order supersedes the substantive rulings in the 6/8/18 EO. E&M's Motion is hereby granted for the reasons set forth below.

**BACKGROUND**

The salient factual allegations in this case are set forth in the August 30, 2017 order ruling on motions to dismiss ("8/30/17 Order"). [Dkt. no. 95.[1]] As relevant to the Motion currently before it, this Court: denied the motions to dismiss as to the claim for declaratory relief against all of the defendants; dismissed the wrongful foreclosure claim against E&M with prejudice; dismissed the unfair or deceptive acts or practices ("UDAP") claim against E&M with prejudice; 2017 WL 3763843, at *10; and dismissed the Fair Debt Collections Practices Act ("FDCPA") claim against E&M without prejudice, id. at *12-13.

The operative pleading at this time is Plaintiffs Craig Connelly and Kristine Connelly's ("Plaintiffs") Third Amended Class Action Complaint ("Third Amended Complaint").[2]

---

[1] The 8/30/17 Order is also available at 2017 WL 3763843. The 8/30/17 Order addresses the claims of Plaintiffs Benita J. Brown, Craig Connelly and Kristine Connelly in their Class Action Complaint ("Complaint"), [filed 8/10/16 (dkt. no. 1)]. 2017 WL 3763843, at *1. Plaintiff Benita J. Brown's claims were subsequently severed from this case. [Order, filed 11/3/17 (dkt. no. 106).]

[2] This case is a putative class action, involving both a proposed plaintiff class and a proposed defendant class.
(continued...)

2

[Filed 5/18/18 (dkt. no. 162).] The Third Amended Complaint alleges the following claims: declaratory relief against E&M and Defendant Association of Apartment Owners of Ko Olina Kai Golf Estates and Villas ("the AOAO" and "Count I"); [id. at ¶¶ 39-42;] wrongful foreclosure against the AOAO ("Count II"); [id. at ¶¶ 43-47;] a FDCPA claim against E&M and the AOAO ("Count III"); [id. at ¶¶ 48-53;] and a UDAP claim against the AOAO ("Count IV"); [id. at ¶¶ 54-64;] and an improper foreclosure claim against the AOAO ("Count V"), [id. at ¶¶ 65-71]. In the instant Motion, E&M seeks dismissal of Plaintiffs' claims against it on the ground that it was not attempting to collect a "debt" within the meaning of the FDCPA when it represented the AOAO in the foreclosure sale of Plaintiff's condominium unit at issue in this case ("the Unit").

## DISCUSSION

Count III alleges E&M violated 15 U.S.C. §§ 1692e and 1692f. [Third Amended Complaint at ¶¶ 51-52.] Section 1692e states, in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with **the collection of any debt**. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

---

[2] (...continued)
However, until Plaintiffs move for and obtain class certification, this Court will only consider the claims that Plaintiffs bring as individuals against the named defendants.

>                . . . .
>
>                (5)  The threat to take any action that
>                cannot legally be taken or that is not
>                intended to be taken.

(Emphasis added.)  Section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect **any debt**." (Emphasis added.)  For purposes of the FDCPA:

> The term "debt" means any obligation or alleged
> obligation of a consumer to pay money arising out
> of a transaction in which the money, property,
> insurance, or services which are the subject of
> the transaction are **primarily for personal,
> family, or household purposes**, whether or not such
> obligation has been reduced to judgment.

15 U.S.C. § 1692a(5) (emphasis added).

In the summary judgment context, this district court has stated that, in determining whether an obligation or alleged obligation is a debt for purposes of the FDCPA, "courts examine the transaction as a whole and pay 'particular attention to the purpose for which the credit was extended in order to determine whether [the] transaction was primarily consumer or commercial in nature.'"  Heejoon Chung v. U.S. Bank, N.A., Civ. No. 16-00017 ACK-RLP, 2017 WL 1395605, at *13 (D. Hawai`i Apr. 17, 2017) (alteration in Heejoon Chung) (some citations and internal quotation marks omitted) (quoting Slenk v. Transworld Sys., Inc., 236 F.3d 1072, 1075 (9th Cir. 2001)).  "The FDCPA does not require the debt be incurred exclusively for personal, family, or household purposes, but only primarily."  Id. (citing Rust v.

4

Bittner & Hahs, PC, No. CV-11-3057-LRS, 2012 WL 1358506, at *3 (E.D. Wash. Apr. 19, 2012)).

In Kitamura v. AOAO of Lihue Townhouse, this Court granted summary judgment to the defendants on the plaintiff's FDCPA claim because:

> insofar as the subject of the judicial and non-judicial foreclosures was a rental property, any related collection efforts are not actionable under the FDCPA with respect to any of the named Plaintiffs. 15 U.S.C. § 1692a(5). Here, the evidence shows that the property was not used primarily for personal, family, or household purposes. Plaintiffs did not use the property as a primary residence, but intended for the property's rental income to provide a source of funding for personal expenses. See, e.g., Aniel v. TD Serv. Co., No. C 10-05323 WHA, 2011 WL 109550, at *4 (N.D. Cal. Jan. 13, 2011) ("This action arises out of a mortgage loan on a rental property, and that loan is not a 'debt' covered by the FDCPA."); Johnson v. Wells Fargo Home Mortg., Inc., No. 3:05-CV-0321-RAM, 2007 WL 3226153, at *9 (D. Nev. Oct. 29, 2007) ("The two loans at issue were used to acquire two residential investment properties in order to collect rental payments. Plaintiff has not used either of these rental properties for his personal residence or for any other personal, family or household purpose. Furthermore, Plaintiff cites to no authority supporting the proposition that obtaining rental properties, which he does not occupy, but merely uses to collect rental payments, is still consumer in nature because he uses the properties for retirement planning. Under these facts, Plaintiff's debt is business in nature, not consumer in nature.").

Civil No. 12-00353 LEK-BMK, 2013 WL 1398058, at *5 (D. Hawai`i Mar. 29, 2013).

5

According to the Third Amended Complaint, Plaintiffs purchased the Unit in March 2006 for approximately $830,000, and they financed the purchase with a $625,000 loan, secured by a mortgage on the Unit. On July 15, 2008, the AOAO recorded a $6,329.36 lien on the Unit for unpaid condominium assessments. In 2011, the AOAO, acting through E&M, foreclosed upon the Unit in order to collect the unpaid assessments. At the time they filed the Third Amended Complaint, Plaintiffs were California residents. [Third Amended Complaint at ¶ 8.] For purposes of E&M's Motion, the factual allegations of the Third Amended Complaint are presumed to be true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (stating that "for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true"). However, even assuming all of Plaintiffs' factual allegations are true, they are insufficient to support a reasonable inference that Plaintiffs' unpaid condominium assessments were a debt for purposes of the FDCPA. See id. ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007))); id. ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing Twombly,

550 U.S. at 556)).  The Motion is therefore granted insofar as the portion of Count III alleging a FDCPA claim against E&M is dismissed.

Although the AOAO did not move for dismissal of Count III, the same analysis applies to Plaintiffs' FDCPA claim against the AOAO.  Thus, the portion of Count III alleging a FDCPA claim against the AOAO is also dismissed.

"As a general rule, dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."  Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1118 (9th Cir. 2013) (brackets, citation, and internal quotation marks omitted).  The Court acknowledges the fact that Plaintiffs have already had multiple opportunities to amend their complaint, and the case law holding that a plaintiff's failure to correct deficiencies in prior amendments can be considered "a strong indication that the plaintiff[ has] no additional facts to plead."  Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (citation and quotation marks omitted).  That general principle, however, does not apply in the instant case because the prior amendments addressed other defects in Plaintiffs' claims, not the defects addressed in this Order.  The dismissal of Plaintiffs' FDCPA claims are without prejudice

7

because it is arguably possible for Plaintiffs to cure the defects in those claims.

If Plaintiffs choose to amend their FDCPA claims, their fourth amended complaint must address the following: 1) whether the Unit was ever Plaintiffs' primary residence; 2) if so, how long was the Unit their primary residence; 3) what other purposes, if any, did Plaintiffs use the Unit for before they lost the Unit in the nonjudicial foreclosure proceedings at issue in this case; and 4) how long did Plaintiffs use the Unit for each of the other purposes referred to in number 3.

## II. Count I - Claim for a Declaratory Judgment

In the 8/30/17 Order, this Court ruled that the claim in the original Complaint seeking a declaratory judgment stated a plausible claim for relief. 2017 WL 3763843, at *10. However, Count III is the only claim against E&M seeking substantive relief. To the extent Count III fails to state a plausible claim against E&M, the portion of Count I seeking declaratory relief against E&M also fails. See, e.g., Billete v. Deutsche Bank Nat'l Tr. Co., Civil No. 13-00061 LEK-KSC, 2013 WL 2367834, at *7 (D. Hawai`i May 29, 2013) ("It is well-settled that declaratory relief and injunctive relief are remedies and not independent causes of actions." (internal quotation marks and some citations omitted) (citing Ballard v. Chase Bank USA, NA, 2010 WL 5114952, at *8 (S.D. Cal. Dec. 9, 2010) ("A claim for declaratory relief

'rises or falls with [the] other claims.'"))). E&M's Motion is therefore granted insofar as Plaintiffs' claim against E&M in Count I is dismissed.

However, the dismissal must be without prejudice because, if Plaintiffs are able to cure the defects in Count III by amending the Third Amended Complaint, it would also cure the defect in their claim against E&M in Count I.

## CONCLUSION

On the basis of the foregoing, Defendant Ekimoto & Morris, LLLC's Motion to Dismiss Third Amended Class Action Complaint Filed May 18, 2018, is HEREBY GRANTED. The Motion is GRANTED insofar as Plaintiffs' claims against E&M in Counts I and III of the Third Amended Class Action Complaint are DISMISSED WITHOUT PREJUDICE. In addition, Plaintiffs' claim against the AOAO in Count III is also DISMISSED WITHOUT PREJUDICE.

If Plaintiffs choose to file a fourth amended complaint, they must do so by **July 19, 2018**. The Court emphasizes that the filing of any motion for reconsideration of the instant Order **will not affect** the filing deadline for Plaintiffs' fourth amended complaint.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 5, 2018.



        /s/ Leslie E. Kobayashi
        Leslie E. Kobayashi
        United States District Judge

**CRAIG CONNELLY, ET AL. VS. EKIMOTO & MORRIS, LLLC, ET AL; CIVIL 16-00448 LEK-KSC; ORDER GRANTING DEFENDANT EKIMOTO & MORRIS, LLLC'S MOTION TO DISMISS THIRD AMENDED CLASS ACTION COMPANY FILED MAY 18, 2018**