IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CRAIG CONNELLY and KRISTINE CONNELLY, as individuals and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  vs.<br><br>EKIMOTO & MORRIS, LLLC, a Hawai`i limited liability law company, as individual entities; ASSOCIATION OF APARTMENT OWNERS OF KO OLINA KAI GOLF ESTATES AND VILLAS, a Hawai`i corporation as individual entities and on behalf of all others similarly situated; DOE DEFENDANTS 1-100,<br><br>      Defendants. | CIVIL 16-00448 LEK-KSC |

**ORDER STRIKING FOURTH AMENDED CLASS ACTION COMPLAINT
AND DISMISSING WITH PREJUDICE CLAIMS DISMISSED
WITHOUT PREJUDICE IN THE JULY 5, 2018 "ORDER GRANTING
DEFENDANT EKIMOTO & MORRIS, LLLC'S MOTION TO DISMISS
<u>THIRD AMENDED CLASS ACTION COMPLAINT FILED MAY 18, 2018"</u>**

On May 18, 2018, Plaintiffs Craig Connelly and Kristine Connelly, as individuals and on behalf of all others similarly situated ("Plaintiffs" or "the Connellys"), filed their Third Amended Class Action Complaint ("Third Amended Complaint"). [Dkt. no. 162.] On July 5, 2018, this Court issued its Order Granting Defendant Ekimoto & Morris, LLLC's Motion to Dismiss Third Amended Class Action Complaint Filed May 18, 2018 ("7/5/18

Order"). [Dkt. no. 182.[1]] In the 7/5/18 Order, this Court dismissed: 1) the Connellys' Fair Debt Collections Practices Act ("FDCPA") claim against Defendants Ekimoto & Morris, LLLC ("E&M") and Association of Apartment Owners of Ko Olina Kai Golf Estates and Villas ("Ko Olina AOAO"); 7/5/18 Order, 2018 WL 3312957, at *2-3; and 2) the Connellys' claim for declaratory judgment against E&M, id. at *4. The dismissals were without prejudice, and the Connellys were given until July 19, 2018 to file a fourth amended complaint. Id.

On July 19, 2018, in response to the 7/5/18 Order, the Connellys filed their Fourth Amended Class Action Complaint ("Fourth Amended Complaint"). [Dkt. no. 186.] The Connellys added eleven new persons as plaintiffs and eight new association defendants. [Fourth Amended Complaint at ¶¶ 9-16, 20-28.] Nothing in the 7/5/18 Order granted the Connellys leave to add new parties. Further, the magistrate judge previously denied the Connellys leave to add "any new additional plaintiff class representatives or additional homeowner association defendants as defendant class representative." [Order Granting in Part & Denying in Part Pltfs. Craig Connelly & Kristine Connelly's Motion to Amend Second Amended Complaint [Dkt. 145], filed 5/31/18 (dkt. no. 169) ("5/31/18 Order"), at ¶ 2.] That ruling in the 5/31/18 Order and the order denying the Connellys' motion

---

[1] The 7/5/18 Order is also available at 2018 WL 3312957.

2

for reconsideration of that ruling are currently on appeal before this Court. [Notice of Pltfs.' Statement of Appeal to the District Court from the Magistrate Judge's Orders [ECF Nos. 169, 175] Granting in Part & Denying in Part Pltfs.' Motion to Amend the Complaint & Denying Reconsideration ("Appeal"), filed 7/3/18 (dkt. no. 180).]

On July 24, 2018, this Court issued an entering order ("7/24/18 EO") directing the Connellys to file a statement addressing why the Court should not dismiss the Fourth Amended Complaint without prejudice. [Dkt. no. 187.] On August 7, 2018, the Connellys filed their response to the 7/24/18 EO ("Connelly Response"). [Dkt. no. 196.] On August 14, 2018, E&M filed its response to the 7/24/18 EO ("E&M Response"), and the Ko Olina AOAO filed a joinder in the E&M Response. [Dkt. nos. 197, 198.]

I. **Striking the Fourth Amended Complaint**

The Connelly Response contends that the addition of new plaintiffs to serve as class representatives for the FDCPA claim and the addition of a new association defendant to correspond with the new plaintiffs were acceptable amendments in response to the 7/5/18 Order. The Connellys' argument is belied by the language of the 7/5/18 Order, which specifically limits the amendment of the FDCPA claim to the Connellys, referred to as "Plaintiffs" in the 7/5/18 Order:

> If Plaintiffs choose to amend their FDCPA claims, their fourth amended complaint **must address** the

> following: 1) whether the Unit was ever
> Plaintiffs' primary residence; 2) if so, how long
> was the Unit their primary residence; 3) what
> other purposes, if any, did Plaintiffs use the
> Unit for before they lost the Unit in the
> nonjudicial foreclosure proceedings at issue in
> this case; and 4) how long did Plaintiffs use the
> Unit for each of the other purposes referred to in
> number 3.

2018 WL 3312957, at *3 (emphasis added). As stated in the 7/24/18 EO, nothing in the 7/5/18 Order granted the Connellys leave to add new parties. [7/24/18 EO at 1.]

The Connelly Response also argues the addition of new plaintiffs and defendants was appropriate under Fed. R. Civ. P. 15. However, this is the very argument the magistrate judge rejected in the 5/31/18 Order and which is currently pending before this Court in the Appeal. Unless and until this Court grants the Connellys' Appeal and reverses the magistrate judge's ruling in the 5/31/18 Order denying leave to amend, the Connellys do not have leave to add any new parties. Because the Fourth Amended Complaint added new parties in violation of the 7/5/18 Order and without leave to amend, the Fourth Amended Complaint is HEREBY STRICKEN.

The Connellys' Third Amended Complaint remains the operative pleading in this case.

## II. **Dismissal with Prejudice**

The Connellys concede that "they cannot amend their allegations consistent with the Court's [7/5/18] Order to

4

represent Class members with regard to the FDCPA claim."
[Connelly Response at 2.]  Based on this concession, "'it is clear, upon de novo review, that the [FDCPA claim] could not be saved by any amendment.'"  See 7/5/18 Order, 2018 WL 3312957, at *3 (quoting Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1118 (9th Cir. 2013)).  The Connellys' FDCPA (Count III of the Third Amended Complaint) is therefore DISMISSED WITH PREJUDICE.  Because the FDCPA claim was the only substantive claim against E&M, the Connellys' claim for declaratory relief (Count I of the Third Amended Complaint) is also DISMISSED WITH PREJUDICE as to E&M.

    The dismissal of these claims with prejudice does not preclude a new plaintiff from alleging a FDCPA claim against E&M, and a corresponding claim for declaratory relief against E&M, if the Connellys are granted leave to add a new plaintiff.  Whether the Connellys will be allowed to file a fifth amended complaint will be addressed when this Court rules on the Appeal.

    IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 21, 2018.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CRAIG CONNELLY, ET AL. VS. EKIMOTO & MORRIS, LLLC, ET AL; CV 16-00448 LEK-KSC; ORDER STRIKING FOURTH AMENDED CLASS ACTION COMPLAINT AND DISMISSING WITH PREJUDICE CLAIMS DISMISSED WITHOUT PREJUDICE IN THE JULY 5, 2018 "ORDER GRANTING DEFENDANT EKIMOTO & MORRIS, LLLC'S MOTION TO DISMISS THIRD AMENDED CLASS ACTION COMPLAINT FILED MAY 18, 2018"**