IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CRAIG CONNELLY and KRISTINE CONNELLY, as individuals and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  vs.<br><br>EKIMOTO & MORRIS, LLLC, a Hawai`i limited liability law company, as individual entities; ASSOCIATION OF APARTMENT OWNERS OF KO OLINA KAI GOLF ESTATES AND VILLAS, a Hawai`i corporation as individual entities and on behalf of all others similarly situated; DOE DEFENDANTS 1-100,<br><br>      Defendants. | CIVIL 16-00448 LEK-RLP |

**ORDER: DENYING CLASS CERTIFICATION; AND DENYING AS MOOT PLAINTIFFS' APPEAL TO THE DISTRICT COURT FROM THE MAGISTRATE JUDGE'S ORDERS [ECF NOS. 169, 175] GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO AMEND THE COMPLAINT AND DENYING RECONSIDERATION**

**I.   Class Certification**

Before the Court are: Defendant Ekimoto & Morris, LLLC's ("E&M") First Amended Motion to Deny Class Certification ("Motion"), filed May 22, 2018; and Defendant Association of Apartment Owners of Ko Olina Kai Golf Estates and Villa's ("Ko Olina AOAO") joinder in the Motion ("Joinder"), filed August 1, 2018. [Dkt. nos. 163, 192.] The Court finds these

matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").

On January 17, 2019, this Court filed the Order Granting Motion to Deny Class Certification and Joinder Therein and Denying Motion for Class Certification in Brown v. Porter McGuire Kiakona & Chow, LLP, et al., CV 17-005544 LEK-RT ("Brown 1/17/19 Order").[1]  [Brown, dkt. no. 123.[2]]  On January 18, 2019, this Court issued an entering order ("1/18/19 EO") informing the parties that it was inclined to grant E&M's Motion and the Ko Olina AOAO's Joinder, based on the analysis set forth in the Brown 1/17/19 Order.  [Dkt. no. 205.]  Plaintiffs Craig Connelly and Kristine Connelly ("the Connellys") were ordered to file a memorandum setting forth any reason why this Court should rule differently in the instant case than it did in the Brown 1/17/19 Order.  The Connellys timely filed their memorandum ("Connelly Memorandum") on February 1, 2019.  [Dkt. no. 206.]  No defendant filed a response to the Connelly Memorandum.

The Connellys state that, while they disagree with this Court's analysis in the Brown 1/17/19 Order, "[g]iven the factual

---

[1] Brown involves parties and claims that were originally filed in the instant case, but were severed on November 3, 2017. [Dkt. no. 106 (severance order).]

[2] The Brown 1/17/19 Order is also available at 2019 WL 254658.

2

and legal similarities between this action and Brown, . . . . they believe the Court would rule the same in this action." [Connelly Mem. at 2.] Because the Connellys have not identified any factual or legal distinction that would support a different analysis in the instant case, this Court HEREBY ADOPTS the analysis in the Brown 1/17/19 Order as the class certification analysis in this case. This Court therefore CONCLUDES that class certification is not warranted in this case, either for the proposed plaintiff class or the proposed association defendant class. E&M's Motion and the Ko Olina AOAO's Joinder are HEREBY GRANTED.

## II. Magistrate Appeal

Also before this Court is the Connellys' Appeal to the District Court from the Magistrate Judge's Orders [ECF Nos. 169, 175] Granting in Part and Denying in Part Plaintiffs' Motion to Amend the Complaint and Denying Reconsideration ("Appeal"), filed July 3, 2018. [Dkt. no. 180.] On July 17, 2018, E&M filed a memorandum in opposition to the Appeal, and the Ko Olina AOAO filed a joinder in E&M's memorandum. [Dkt. nos. 184, 185.] The Connellys filed their reply on July 31, 2018. [Dkt. no. 189.] The Court has considered the Appeal as a nonhearing matter pursuant to Local Rule 7.2(e).

In the 1/18/19 EO, this Court informed the parties that it was inclined to: 1) vacate the magistrate judge's orders that

are the subject of the Appeal; [dkt. nos. 169, 175;] 2) remand the matter to the magistrate judge to reconsider the issue of whether the Connellys should be allowed to amend the Third Amended Class Action Complaint, [filed 5/18/18 (dkt. no. 162),] in light of an order that this Court issued on July 5, 2018, [dkt. no. 182,] and in light of the denial of class certification; and 3) deny the Connellys' Appeal as moot.  The Connellys now ask this Court to deny the Appeal as moot, without a remand to the magistrate judge.  [Connelly Mem. at 2.]  The Connellys state the proposed amendments at issue in the Appeal were for purposes of class certification.  Thus, the amendments are no longer necessary because the Connellys' action, and the actions of the other putative class members, will proceed individually.  [Id.]  In light of the Connellys' representations, the Appeal is HEREBY DENIED AS MOOT.

       IT IS SO ORDERED.

       DATED AT HONOLULU, HAWAII, February 13, 2019.



       /s/ Leslie E. Kobayashi
       Leslie E. Kobayashi
       United States District Judge